STATE, Respondent, v. GODLASKY, Appellant.

(195 N. W. 832.)

(File No. 5217. Opinion filed November 15, 1923.)

1. **Homicide—Instructions—Presumptions—Instruction that Design May Be Inferred from Fact of Killing Held Not Erroneous; "Inference"; "Presumption."**

   An instruction "that design to effect death may be inferred from the fact of the killing, unless the circumstances raise a reasonable doubt whether such design exists," in accordance with Rev. Code 1919, Sec. 4013, held not erroneous; an "inference" being nothing more than a permissible deduction from the evidence, while a "presumption" is compulsory and cannot be disregarded by the jury.

2. **Homicide—Burden of Proof—Incumbency on State to Prove Actual Killing.**

   In a prosecution based on the theory that defendant had aided and abetted a companion in the killing of another, it is incumbent upon the state to prove the actual killing.

3. **Criminal Law—Instructions—Trial—Court Rules—Objection to Instruction Held Unavailaing for Failure to Point Out Possible Prejudice.**

   An objection to an instruction that "a design to effect death sufficient to constitute murder may be formed instantly, before committing the act by which it is carried into execution," on the ground that it did not clearly state the law, was surplusage and was fully covered by instructions proposed by the court, held unavailing under trial court's rule No. 26, in that no prejudice to defendant was pointed out.

4. **Criminal Law—Jury—Instructions—Instruction as to Testimony of Defendant in His Own Behalf Held Not Erroneous.**

   An instruction that "defendant * * * is permitted * * * to testify in his own behalf, and the fact alone that he is the defendant is not of itself sufficient to impeach or discredit his

testimony, but in arriving at your verdict   *   *   *   you have the right to take into consideration his interest   *   *   *   and that he is the defendant on trial testifying in his own behalf," held not erroneous as calling the jury's attention to the fact that he was defendant and testifying in his own behalf.

5.  Criminal Law—Instructions—Trial—Exceptions—General Exception to Instruction Held Nullity for Failure to Point Specific Error.

Under trial court's rule No. 26, an exception to an instruction in that it is in absolute contradiction of the laws of the state is a nullity for failure to point out any specific error.

6.  Criminal Law—Instructions—Appeal and Error—Objection to Instruction Held Not Included Within Grounds Specified in Exception.

The proposition that defendant was either guilty of the crime of murder or not guilty of anything, and that it was error to instruct that the jury might bring in a verdict for a lesser offense, held not raised by or included within exceptions to such charge on the grounds that the same did not contain an accurate statement of the law, that it authorized the jury to find defendant guilty of being an aider and abettor of manslaughter, an offense unknown to the law, and that it authorized a finding of guilt upon a state of facts which constituted no offense, and not a compliance with trial court's rule No. 26, requiring specification of the particular ground of objection or exception to instruction.

7.  Homicide—Instructions—Instruction Held Not Erroneous as Authorizing Conviction for Lesser Offense Than That Charged.

An instruction that if the jury found the killing of deceased to be manslaughter in the first degree, and that defendant aided and abetted in the act of killing, the defendant should be found guilty of manslaughter in the first degree, held not erroneous as authorizing a conviction for a lesser offense, when defendant was either guilty of murder or not at all, in view of Rev. Code 1919, Sec. 4926, providing "the jury may find the defendant guilty of an offense the commission of which is neccessarily included in that with which he is charged   *   *   *."

8.  Criminal Law—Exceptions—Trial—Instructions—Court Rules—In Absence of Exception, Error Cannot Be Predicated upon Refusal of Requested Instruction.

In absence of an exception as required by trial court's rule No. 26, to the refusal of a requested instruction, no error can be predicated thereon.

Appeal from Circuit Court, Beadle County; Hon. W. N. Skinner, Judge.

Frank Godlasky was convicted of manslaughter, and he appeals. Affirmed.

*Harold O. Mulks*, of Chicago, Ill., and *C. A. Kelley*, of Huron, for Appellant.

*Byron S. Payne*, Attorney General, and *Charles P. Warren*, State's Attorney, of Huron, for Respondent.

(1) To point one of the opinion, Appellant cited: Plath v. The People, 100 N. Y. 590; Lawson on Presumptive Evidence, Rule 66, p. 331; People v. Sweeney, 55 Mich. 587; State v. Norton, 76 Mo. 180; State v. Stewart, 29 Mo. 419; State v. Gibson, 19 S. W. 980; People v. Landman (Cal.), 37 Pac. 518; Rev. Code 1919, Sec. 4013; Jones Blue Book of Evidence, Vol. 1, Sec. 9A; 29 C. J. 1128.

(4) To point four Appellant cited: McElroy v. People, 202 Ill. 473, 66 N. E. 1058; People v. Archibald, 258 Ill. 383, 101 N. E. 582; Tardy v. State, 46 Tex. Crim. 214, 78 S. W. 1076.

Respondent cited: State v. Ryan (Ia.), 85 N. W. 812; State v. Moelchen, 53 Ia. 316, 5 N. W. 186; State v. Sterritt, 71 Ia. 288, 32 N. W. 387; State v. Mecum (Ia.), 74 N. W. 693; Philamalee v. State (Nebr.), 78 N. W. 625; Emery v. State (Wis.), 78 N. W. 145.

(7) To point seven, Appellant cited: People v. Schultz, 267 Ill. 147, 107 N. E. 833; People v. Moore, 276 Ill. 392, 114 N. E. 557; State v. Hollingsworth, 156 Mo. 178, 136 S. W. 757; State v. Punsham, 124 Mo. 448, 27 S. W. 111; State v. Mahly, 68 Mo. 315; Coleman v. State, 121 Ga. 595, 49 S. E. 716; Flynn v. State, 43 Tex. Crim. 407; People v. Lewis, 252 Ill. 281, 96 N. E. 1005; State v. McPhail, 81 Pac. 683; Regnier v. Terr., 82 Pac. 509; State v. Kruger, 60 Wash. 544.

Respondent cited: State v. Cotton, 36 S. D. 396, 155 N. W. 8; Rev. Code 1919, Sec. 4926; State v. Stumbaugh, 23 S. D. 50, 22 Cyc. 467-480; People v. Thiede (Utah), 39 Pac. 837; 16 C. J. 1024; 1 Wharton's Criminal Law, Sec. 220, 8th Edition.

ANDERSON, P. J. This is an appeal by appellant, Frank Godlasky, from a judgment and sentence by the circuit court of Beadle county by which appellant was sentenced to the state penitentiary of this state for a period of 15 years pursuant to a verdict of a jury finding him guilty of manslaughter, on an information

charging appellant and one John Doe with the murder of one
William D. Henderson. The information charging that the fatal
blow was struck by one John Doe, and that appellant being pres-
ent with a premeditated design to cause the death of said Hender-
son, then and there aided and abetted said Doe in committing
said offense.

On July 15, 1921, William D. Henderson, now deceased, ac-
companied by companions Robert Duncan and John Wright, ar-
rived at Wolsey, this state. They were on their way to the
northern part of this state, where they expected to obtain employ-
ment in the harvest fields. Shortly prior to this time they had
been working at Casper, Wyo.; and on this day had arrived from
the west on a freight train on the Chicago & Northwestern Rail-
way at Wolsey, 3 o'clock p. m. While standing near where the
railroad tracks of the Chicago & Northwestern intersect the Chi-
cago, Milwaukee & St. Paul Railway waiting to board the freight
going north, deceased and his two companions were approached
by appellant and his companion. The deceased and his compan-
ions were asked by appellant and his companion whether they had
been working in this vicinity. To which they replied that they
had not, but just came from Wyoming. While this conversation
took place, the north-bound freight on the Chicago, Milwaukee &
St. Paul Railway was pulling out of Wolsey. Deceased and his
companions got onto a flat car, which was the second car from
the engine, and defendant and companion got on a box car being
the third from the engine. Deceased and companions were the
sole occupants of this flat car. While the freight train was mov-
ing slowly northward, appellant and companion left the box car
and boarded the flat car where deceased and companions were.
Appellant and companion first approached Robert Duncan, another
companion of deceased, inquiring if he (Duncan) had a "red
card," to which Duncan replied he did not. Appellant then seized
Duncan by throwing his arm about his neck. Appellant's com-
panion approached deceased, and demanded of him whether he
had a "red card," and seized deceased by the right arm and im-
mediately pulled a gun out of his pocket and pointed the same at
the deceased. Appellant thereupon released his hold on Duncan
and came to the assistance of his companion, and seized the de-
ceased by the left arm. While thus attacked by appellant and his

companion, deceased moved backward until he reached the side of the car, when he suddenly jerked loose from appellant's hold, which he and appellant's companion had upon him, and proceeded to jump from the moving train. The companion of appellant shot and instantly killed the deceased. Evidence shows that deceased and his two companions were unarmed; that appellant's companion had his revolver pointed at deceased during the entire time of the assault. When the shot was fired, the two companions of deceased jumped from the moving train, but on the side opposite from where deceased had fallen, while appellant and his companion remained on the car. Shortly thereafter the sheriff of the county arrived. The sheriff, together with two of deceased's companions, pursued the train in an automobile, overtook the train at Tulare. It was then dark. Immediately upon arrival all passengers on the train were brought, one by one, in front of the lights of the automobiles, and in the presence of Duncan and Wright, for identification. Both Duncan and Wright positively identified the appellant as the man who had participated in the assault, and who aided and assisted his companion at the time of the killing of deceased. One means of identification was a very conspicuous bump on the back of appellant's head. The companion of appellant was not found on the train. Appellant is 22 years old, and a member of the I. W. W., having joined this organization under the name of Frank Daring.

[1] By assignment I appellant predicates error on instruction to the jury:

"The court instructs the jury that a design to effect death may be inferred from the fact of the killing, unless the circumstances raise a reasonable doubt whether such design exists."

By Mr. Kelley: "Defendant objects to the state's proposed instruction No. 1 upon the grounds that the same does not state the law of the state of South Dakota, even though a statute might appear to sanction such an instruction, and if such law exists it is unconstitutional, invading the province of the jury."

Justice Jones of the Supreme Court of Wisconsin, in his Blue Book on Evidence (volume 1, § 9a), clearly points out the distinction between an inference and a presumption. The appellant has failed to recognize this distinction in his argument relating to this assignment. Justice Jones further says:

"An inference is nothing more than a permissible deduction from the evidence, while a presumption is compulsory and cannot be disregarded by the jury."

Justice Jones further says:

"The jury in the case of an inference are at liberty to find the ultimate fact one way or the other as they may be impressed by the testimony."

[2] Defendant being tried for homicide on the theory of having aided and abetted his companion in the killing of Henderson, it was incumbent upon the state to prove the actual killing. Whether or not the killing was done by the defendant himself is immaterial. The fact of the killing is one of the substantive facts which it is incumbent upon the state to establish, and it was proper for the court to instruct the jury in accordance with section 4013, R. C. 1919, to the effect that a design to kill may be inferred from the killing itself, as well as any other instruction relating to the laws of homicide. 29 C. J. 1128, § 116. The objection is furthermore unavailing by reason of counsel's disregard of trial court's rule 26.

[3] By assignment of error 2 this instruction is challenged:

"A design to effect death sufficient to constitute murder may be formed instantly before committing the act by which it is carried into execution."

To which defendant objects on the grounds that the same does not correctly state the law of this state, is surplusage, and fully covered by instructions proposed by the court. This objection is clearly unavailing under the provisions of trial court's rule 26, for the reason that defendant fails to point out how defendant could possibly have been prejudiced by the giving of the instruction, even if the same were erroneous.

By assignment of error 3 the court's instruction 3 is challenged. Without setting out this instruction, we would suggest that this instruction was patterned after an instruction given in the case of State v. Davis, 191 Iowa 720, 183 N. W. 317. This instruction is identical with that approved by the Iowa court, with the exception that the particulars in which the instructions are given in that case were criticized by that court, have been omitted or otherwise changed so that instruction given meets with the ap-

proval of that court. That court in passing upon this instruction says:

"We are clearly of the opinion that there is nothing in the instruction prejudicial to the defendant."

[4] By assignment 4 defendant challenges the court's instruction 6 as follows:

"The jury are instructed that by the law of this state a defendant in a criminal case is permitted to go upon the witness stand and testify in his own behalf, and the fact alone that he is the defendant is not of itself sufficient to impeach or disregard his testimony, but in arriving at your verdict in determining what weight you will give to his testimony you have the right to take into consideration his interest in the result of the suit, and that he is the defendant on trial testifying in his own behalf."

Excepted to by defendant as follows:

"That same unduly and unnecessarily attempts to bring the attention of the jury to the fact that he is the defendant and testifying in his own behalf, and is too explanatory, and no negative proposition being stated therein."

This contention we believe is entirely without merit. The instruction complained of is one that has been used in this state for a great number of years, and has never been successfully challenged.

[5] By assignment 5 appellant challenges the correctness of the court's instruction 9, given to the jury. The gist of these exceptions is that the portion quoted "is in absolute contradiction to the laws of the state of South Dakota." The exception to the charge does not point out any specific error, but states generally that the instruction does not state the law. Under trial court's rule 26 such exception is a nullity.

[6] By assignment of error 6 appellant challenges the court's instruction 10 as follows:

"If, however, you find the killing of Henderson to have been manslaughter in the first degree as defined in these instructions, and that Godlasky aided and abetted the party who committed the act of killing Henderson, then it would be your duty to find defendant guilty of manslaughter in the first degree."

The exceptions to this charge are:

"That the same does not contain an accurate statement of the

law applicable to the issues raised by the pleadings and the evidence; that it authorizes the jury to find defendant guilty of being an aider and abettor of manslaughter, an offense unknown to the law; that this charge authorized the jury to find defendant guilty upon a state of facts which constitute no offense known to the law of this state."

[7] Appellant contends that he was either guilty of the crime of murder or is not guilty of anything, and that it was error to instruct that the jury might bring in a verdict for a lesser offense. This proposition is clearly not within the exceptions, and is in violation of the rule requiring each party to specify and state the particular ground or grounds upon which instructions are objected or excepted to, as provided by trial court's rule 26. Even though the proper exception had been taken, the same would fail to specify any error. Section 4926, R. C., provides:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information, or of an attempt to commit the offense charged." State v. Cotton, 36 S. D. 396, 155 N. W. 8.

What is said with reference to instruction 10 is applicable to instruction 11.

[8] Appellant predicates error on the court's refusal to give instruction 1 requested by him; that said instruction was proper in form and covered matters which defendant should be required to have the jury instructed on, and not covered by instructions given. No exception as provided by trial court's rule 26 appears; hence no error can be predicated.

What is said relative to instruction 1 requested by defendant is applicable to instructions 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14.

The judgment and the order denying appellant's motion for a new trial are affirmed.

Note.—Reported in 195 N. W. 832. See, Headnote (1), American Key-Numbered Digest, Homicide, Key-No. 286(1), 30 C. J. Sec. 596; Inference, 31 C. J. Sec. 1181; Criminal law, 16 C. J. Sec. 1005; Homicide, 29 C. J. Sec. 116; (2) Homicide, Key-No. 143, 30 C. J. Sec. 346; (3) Criminal law, Key-No. 844(1), 17 C. J. Sec. 3335; (4) Criminal law, Key-No. 786(3), 16 C. J. Sec. 2443;

(5) Criminal law, Key-No. 844(1), 17 C. J. Sec. 3348; (6) Criminal law, Key-No. 1059(3), 17 C. J. Sec. 3335; (7) Homicide, Key-No. 309(1), 30 C. J. Sec. 642; (8) Criminal law, Key-No. 1056(1), 17 C. J. Sec. 3345, 16 C. J. Sec. 2513.

On conviction of lower or different degree in prosecution for homicide, see notes in 21 L. R. A. (N. S.) 1 and 43 L. R. A. (N. S.) 813.

On reversible error in giving instruction in homicide case permitting finding of lower degree, see note in 21 A. L. R. 621, 622.

On Rev. Code 1919, Sec. 4926, see annotations, Kerr's Cyc. Codes, 1920, Pen. Code, Sec. 1159.