**STATE of South Dakota, Respondent,**

v.

**James Leroy NELSON, Petitioner and Appellant.**

No. 12428.

Supreme Court of South Dakota.

Argued Nov. 15, 1978.

Decided Dec. 26, 1978.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for respondent; William J. Janklow, Atty. Gen., Peter H. Lieberman, Asst. Atty. Gen., Pierre, on the brief.

Wynn A. Gunderson, Rapid City, for petitioner and appellant.

DUNN, Justice.

Petitioner Nelson appeals from a denial of post-conviction relief stemming from his jury conviction of murder. The trial court ruled that the jury instructions given at petitioner's murder trial did not shift the burden of proof from the state to petitioner regarding the element of premeditation and that the instructions did not violate the due process clause of the Fourteenth Amendment of the United States Constitution. We affirm.

Petitioner petitioned for post-conviction relief pursuant to SDCL 23–52–1 which allows one convicted of or sentenced for a crime to institute such a proceeding to secure relief by claiming, among other things, that the conviction or sentence violates the state or federal constitutions. Petitioner alleges that the statutes under which he was convicted and sentenced to life imprisonment are unconstitutional and violative of the due process guarantees provided in the Fourteenth Amendment of the United States Constitution. The first such statute is SDCL 22–16–4 which reads as follows:

> "Homicide is murder when perpetrated without authority of law and with a premeditated design to effect the death of the person killed or of any other human being."

The second such statute is SDCL 22–16–5 [1] which states:

> "A design to effect death, sufficient to constitute murder, may be formed instantly before committing the act by which it is carried into execution. Such design is inferred from the fact of killing unless the circumstances raise a reasonable doubt whether such design existed."

Petitioner attacks the constitutionality of SDCL 22–16–5 which defines the terms of SDCL 22–16–4 and alleges that the burden is shifted to a defendant to raise reasonable doubt as to the nonexistence of the element of a premeditated design since, by statute, a premeditated design can be formed instantly and can be inferred from the mere fact

---

1. The second sentence in SDCL 22–16–5 was amended out of the statute by § 8, Ch. 158, S.L.1978, but remains pertinent to this action.

of killing. Petitioner concludes that SDCL 22–16–5 effectively destroys the presumption of innocence by allowing the state to forego the burden of proof of whether or not a premeditated design existed by merely proving the independent elements that there was in fact a killing and that the killing was done by the accused as provided in SDCL 22–16–2.

In support of his allegation and conclusion, petitioner cites *Mullaney v. Wilbur*, 1975, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508, where a state statute was overturned because it expressly shifted the burden of proof to a defendant to prove that he acted in the heat of passion in order to reduce a homicide charge from murder to manslaughter. The statute was held in violation of the rule embodied in *In Re Winship*, 1970, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, which held that the prosecution, as a matter of due process, is required to prove beyond a reasonable doubt each fact necessary to constitute the crime charged and any shifting of the burden of proof to the defendant violates due process and renders the trial fundamentally unfair.[2] Petitioner further cites *Hankerson v. North Carolina*, 1977, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306, for the fact that the rule of the *Mullaney* case is retroactively applicable to trials completed before the date on which the *Mullaney* decision was rendered, i. e., applicable to the use of the statutory inference by the jury in the present case in 1963.

■ We certainly agree that to comport with due process in a criminal prosecution, the state must prove beyond a reasonable doubt each fact necessary to constitute the crime charged. Unlike the statute in the *Mullaney* case, however, our statute does not require that the defendant prove

beyond a reasonable doubt that he did not possess a premeditated design to effect the death of the person killed. Rather, it creates an inference which stands "unless the circumstances raise a reasonable doubt whether such design existed." SDCL 22–16–5. Such an inference does not rise to the stature of a conclusive or rebuttable presumption which is compulsory in nature and thus not similar in effect to the statute in the *Mullaney* case. An inference is nothing more than a permissible deduction based upon the facts existing in evidence, and the jury is at liberty to find the ultimate fact to be inferred one way or the other as it may be impressed by the testimony.[3] *State v. Marshall*, 1978, S.D., 264 N.W.2d 911; *State v. Godlasky*, 1923, 47 S.D. 36, 195 N.W. 832. See also, *State v. Lewis*, 1976, Iowa, 242 N.W.2d 711; *State v. Williams*, 1975, 288 N.C. 680, 220 S.E.2d 558. Such a permissible inference does not violate due process as long as the evidence necessary to raise the inference is sufficient for a rational juror to find the inferred fact beyond a reasonable doubt. *Kashansky v. State*, 1978, 39 Md.App. 313, 385 A.2d 811; *Hodge v. Commonwealth*, 1976, Va., 228 S.E.2d 692. The inference permits the trier of fact to conclude that the prosecution has met its burden of proof with respect to the inferred fact by having satisfactorily established other facts. Therefore, the state's burden of producing evidence or its burden of persuasion is not shifted to the defendant. We must conclude that the permissible inference found in SDCL 22–16–5 does not come under the scrutiny of *Mullaney v. Wilbur*, supra, as an impermissible shifting of the burden of proof to petitioner in violation of the due process guarantees of the Fourteenth Amendment.

---

2. The United States Supreme Court, however, has not extended the *Mullaney* standard to shifting the burden of proof to the defendant regarding affirmative defenses. Such a shifting does not deny due process where the defense does not negative any of the facts of the crime which the state has to prove under the mandate of *Winship*. *Patterson v. New York*, 1977, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281.

3. This is the case with all circumstantial evidence. In fact, "[t]he whole phenomenon of circumstantial evidence is the phenomenon of inferring facts in issue from facts established." *Evans v. State*, 1975, 28 Md.App. 640, 349 A.2d 300, 339. In our system of criminal prosecution where circumstantial evidence rises to the same level as direct evidence in proving guilt beyond a reasonable doubt, permissible inferences are indispensable.

The permissible inference discussed above was embodied in the instructions given to the jury,[4] and the trial court found petitioner's assertion that the instructions so constituted were repugnant to the due process guarantees of the Fourteenth Amendment to be without merit. In light of our conclusion above, we agree. The instructions inform the jury of the continuing burden on the state to prove guilt beyond a reasonable doubt, define murder precisely in the language of the statute and state the inference of design to effect death in a permissible rather than a compulsory manner.

■ Petitioner objects to instruction eleven by asserting that it relieves the state of the burden of proving the element of premeditation beyond a reasonable doubt. Instruction eleven states that prior to a conviction for either murder or manslaughter the death of the person alleged to have been killed and the fact of the killing by the accused must be established independently. We agree with the trial court conclusion that this instruction does not relieve the state of its burden of proving the element of premeditation; premeditation *may be* inferred from the fact of the killing and the surrounding circumstances and need not be proven *independently.* The evidence necessary to raise the inference of premeditation must still be sufficient for a rational juror to find the inferred fact beyond a reasonable doubt; therefore, the state is not relieved of its burden.

■ Petitioner also contends that failure to define the term "inference" constituted error. The trial court's failure to include such a definition in its instructions to the jury does not constitute error of such prejudicial magnitude that it would support a collateral attack on this petition for post-conviction relief on the question of constitutional infirmities. See, *Henderson v. Kibbe*, 1977, 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203. This is particularly true in light of petitioner's failure to propose an instruction defining the term "inference." [5]

■ Petitioner finally contends that instruction twelve, which discusses circumstantial evidence as distinguished from direct evidence, unduly prejudiced petitioner in negating the presumption of innocence in its unwarranted inferences as to what could be deducted through such circumstantial evidence.[6] This contention is without merit.

4. Instruction Six reads as follows:
    "Insofar as is material to this case when homicide is perpetrated without authority of law and with the premeditated design to effect the death of the person killed it is murder. Such design to effect death may be inferred from the fact of the killing unless the circumstances raise a reasonable doubt as to whether such design existed. The words 'premeditated design to effect death' as used in this definition of murder means that the killing must be accomplished by a clear deliberate intent to take life. The intent to kill must be the result of deliberation and must have been formed upon a pre-existing reflection, and not under a heat of passion or other conditions such as to preclude the idea of deliberation. The jury is at liberty to infer or not to infer such a premeditated design as they may be impressed by the testimony.
    "A design to effect death sufficient to constitute murder may be formed instantly before committing the act by which it is carried into execution."

5. In his concurrence in the *Henderson* case, Chief Justice Burger suggests that such a failure to propose an instruction defining the term "inference" and to object to the jury instructions should preclude a claim of constitutional error. *Henderson v. Kibbe*, 1977, 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203.

6. Instruction Twelve reads as follows:
    "In this case the evidence relied upon by the State, in part, to establish the charge in the Information, is what is known as circumstantial evidence, as distinguished from direct evidence. Where an eye witness testifies that he was present when an alleged offense was committed and saw a certain person commit the offense, we have what is called direct evidence. But crime is not always committed in the open where eye witnesses are present. More often it is committed in secrecy, or at a time most favorable to concealment, so as to make detection difficult and sometimes impossible. In such cases, the prosecution must necessarily rely upon proof of collateral facts and circumstances, which facts and circumstances, taken together, raise a logical inference as to the existence of the main fact in issue. Proof of such collateral facts and circumstances is termed circumstantial evidence. So direct and circumstantial evidence differ merely in their logical relation to the main facts in issue.
    "Circumstantial evidence alone, just the same as direct evidence, is therefore sufficient

We conclude that the instructions taken as a whole did not relieve the state of its burden of proving the essential elements of murder, including the element of premeditation, beyond a reasonable doubt. *Dwyer v. Christensen*, 1958, 77 S.D. 381, 92 N.W.2d 199.

The trial court denial of the petition for post-conviction relief is affirmed.

All the Justices concur.

to support a verdict of guilty of any crime, provided the jury is satisfied from the evidence of the defendant's guilt beyond a reasonable doubt. This can only be if the facts and circumstances proven are consistent with each other and consistent with the guilt of the party charged and cannot be reconciled or accounted for upon any theory consistent with the innocence of the defendant.

"Therefore, if the evidence in this case excludes in your minds every reasonable theory other than that of the defendant's guilt beyond a reasonable doubt, you should find the defendant guilty. On the other hand, if the evidence in the case can be accounted for upon any reasonable theory consistent with the innocence of the defendant, and raises in your minds a reasonable doubt of his guilt, you should find the defendant not guilty."