James Leroy NELSON, Petitioner,

v.

Herman SOLEM, Warden, Respondent.

CIV79–4030.

United States District Court,
D. South Dakota, S. D.

June 9, 1980.

Dennis McFarland, Sioux Falls, S. D., for petitioner.

Mark V. Meierhenry, Atty. Gen. and Judith A. Atkinson, Asst. Atty. Gen., Pierre, S. D., for respondent.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

This is a habeas corpus action brought by petitioner James Leroy Nelson under 28 U.S.C. section 2254. The petitioner was convicted of murder and given a life sentence in 1963. This conviction was affirmed on June 16, 1964, by the South Dakota Supreme Court. *State v. Nelson*, 80 S.D. 574, 129 N.W.2d 54 (1964). A petition for post-conviction relief was also denied on November 9, 1977, by the Seventh Judicial Circuit Court of South Dakota and this denial was upheld by the Supreme Court of South Dakota in 1978. *State v. Nelson*, S.D., 272 N.W.2d 817 (1978). Accordingly, the petitioner has exhausted his state judicial remedies in accordance with 28 U.S.C. section 2254(b).

The sole issue raised by the petitioner is whether or not the jury instructions and statute on which they were based either shifted the burden of proof on intent to the defendant or created a conclusive presumption in violation of his right under the Due Process Clause to be proven guilty beyond a reasonable doubt.

The petitioner first challenges the underlined portions of Instruction 6:

Insofar as is material to this case when homicide is perpetrated without authority of law and with the premeditated design to effect the death of the person killed it is murder. *Such design to effect death may be inferred from the fact of the killing unless the circumstances raise a reasonable doubt as to whether such design existed.* The words "premeditated design to effect death" as used in this definition of murder means that the killing must be accomplished by a clear deliberate intent to take life. The intent to kill must be the result of deliberation and must have been formed upon a pre-exist-

ing reflection, and not under a heat of passion or other conditions such as to preclude the idea of deliberation. *The jury is at liberty to infer or not to infer such a premeditated design as they may be impressed by the testimony.*

A design to effect death sufficient to constitute murder may be formed instantly before committing the act by which it is carried into execution.

This instruction was in part based on SDCL section 22-16-5. The last sentence of this statute has been amended out since the petitioner's trial. In 1963 it read:

A design to effect death sufficient to constitute murder, may be formed instantly before committing the act by which it is carried into execution. Such design is inferred from the fact of killing unless the circumstances raise a reasonable doubt whether such design existed.

The petitioner further objects to Instruction 11a on accidental death and 11b on self-inflicted death. Instruction 11a provided:

You are instructed that if from the evidence you should find that the death of William Reid Judson was caused or brought about by accidental means, then and in that event you would return a verdict of not guilty.

Instruction 11b provided:

You are further instructed that if from all the evidence you are satisfied that the death of William Reid Judson was brought about by his own act, either accidentally or intentionally then you should find the defendant not guilty.

 Only issues of constitutional magnitude warrant the granting of habeas corpus relief. For a jury instruction to reach constitutional dimension it must, when viewed in the context of the overall charge, "so infect[ed] the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 369 (1973); *Kentucky v. Whorton*, 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979). The exact words of the challenged instructions must

be closely scrutinized to determine if the instructions "undermine the factfinder's responsibility at trial, based on evidence adduced by the state, to find the ultimate facts beyond a reasonable doubt." *Ulster County Court v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

■ The use of presumptions in criminal law is limited by considerations of due process. A presumption may not shift the burden of proof to the accused by presuming an element upon proof of the other elements of the offense. *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *Hankerson v. North Carolina,* 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977). Furthermore, to meet due process standards, the presumption must be no more than a "permissive inference." *Ulster County Court v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *United States v. United States Gypsum Co.,* 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978).

■ An inference is defined as a conclusion which the jury is permitted but not compelled to draw from the facts, whereas a presumption is defined as an inference which the law directs a jury to draw if it finds a given set of facts. *United States v. Burnes,* 597 F.2d 939 (9th Cir. 1979). A permissive inference allows—without requiring—the jury to infer an elemental fact. It "leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the 'beyond a reasonable doubt' standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference." *Ulster County Court v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

■ This court does note instructions which use words which state that intent is to be presumed from an action "unless the contrary appears from the evidence", have been repeatedly criticized as shifting the burden of proof and have necessitated reversals depending on the exact nature of

the case. *Mann v. United States,* 319 F.2d 404 (5th Cir. 1963); *United States v. Berzinski,* 529 F.2d 590 (8th Cir. 1976); *United States v. Diggs,* 527 F.2d 509 (8th Cir. 1975). This court agrees that instructions such as these are a "dangerous practice" and notes with approval the repeal in 1978 of the inference contained in SDCL section 22–16–5.

However, this court fails to find that Instruction 6 given in petitioner Nelson's trial, when viewed in the overall context of the charge, created constitutional error. No direction was given to the jury in Instruction 6 compelling as a matter of law a finding of intent from the fact of killing. The jury, besides being instructed as to the meaning of premeditated design was specifically instructed that "such design to effect death may be inferred" but that they were "at liberty to infer or not to infer such a premeditated design as they may be impressed by the testimony." This is clearly distinguishable from the recent case of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), where an instruction was found to create a compulsory presumption which shifted the burden of proof because the jury was "not told that they had a choice, or that they might infer that conclusion; they were told only that the law presumed it." It is likewise distinguishable from *United States v. United States Gypsum Co.,* 438 U.S. 422, 434, 98 S.Ct. 2864, 2872, 57 L.Ed.2d 854 (1977), where the jury was told that the requisite intent followed "as a matter of law" from another fact. Instruction 6 is also distinguishable from those criticized instructions where inferences are directed "unless the contrary appears." The instruction in this case cannot be seen to tell the jury that premeditated design existed once the killing was proven and had to be overcome by the defendant with opposing evidence. The jury was instructed that they were free to infer or not to infer premeditated design as impressed by the testimony and in Instruction 4 were expressly told that the "defendant is not required to prove himself innocent or to introduce any evidence whatever, even though it may be in his power to do so."

The jury was furthermore repeatedly instructed that the defendants were presumed innocent and that the burden was at all times upon the state to prove every material fact and element.[1]

Finally, the state did not rely solely on the inference to prove the premeditated design to effect death. There was ample testimony from which the jurors could determine "premeditated design" beyond a reasonable doubt. The opinion of the South Dakota Supreme Court at 129 N.W.2d 54 sets forth a good summary of this evidence.

■ As to Instructions 11a and 11b, this court agrees that they are denials of the elemental premeditated intent to kill and that the burden of proof remains with the state to prove premeditated design. These instructions do not speak to the burden of proof at all and impose no burden on either the defendant or the state. Again, in view of the overall charge, these instructions cannot be seen to shift the burden of proof to the defendant.

The instructions given in this case left the decision on the issue of intent to the jury and the burden of proof remained with the state. Accordingly, it is ordered that the petition for writ of habeas corpus be denied.

This memorandum decision constitutes the court's findings of fact and conclusions of law.

1. Instruction No. 3:

Every defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted. This presumption of innocence attends the defendant throughout the trial, and you should bear it in mind while considering the evidence in the jury room. But the presumption of innocence can be overcome by evidence, and is overcome if the evidence in the case satisfies you beyond a reasonable doubt that the defendant is guilty.

Instruction No. 4:

The burden of proof is upon the State. The defendant is not required to prove himself innocent (or to introduce any evidence whatever, even though it may be in his power to do so.) It is his right to rely for his defense, either wholly or in part, upon the claim that the State has not produced sufficient evidence to prove its case. The burden is at all times upon the State to prove every material fact and element necessary to constitute the offense charged. But the State is not required to prove its case beyond all doubt, or to an absolute certainty, for such certainty could rarely, if ever, be attained. It must prove the defendant guilty to your satisfaction beyond a reasonable doubt. In other words, before you can find the defendant guilty, you should be so satisfied with the proof of his guilt that you have no reasonable doubt about it.

Instruction No. 12:

. . . . .

Therefore, if the evidence in this case excludes in your minds every reasonable theory other than that of the defendant's guilt beyond a reasonable doubt, you should find the defendant guilty. On the other hand, if the evidence in the case can be accounted for upon any reasonable theory consistent with the innocence of the defendant, and raises in your minds a reasonable doubt of his guilt, you should find the defendant not guilty.

Instruction No. 15:

A reasonable doubt is an actual doubt. It is a state of mind. It means just what the words themselves would ordinarily imply—a doubt that fairly arises in the mind of the juror from the evidence in the case or from a lack of evidence. It is such a doubt as produces an uncertainty concerning the guilt or innocence of the defendant, which uncertainty is of such weight and quality that, if arising in any of the graver and more important transactions of your life, would check your final judgment and cause you to pause and hesitate. Such an uncertainty amounts to a reasonable doubt. If you have such a doubt based upon all the evidence, you should acquit the defendant. On the other hand, if from all the evidence you have an abiding conviction and are reasonably and morally certain of the defendant's guilt, you should under the oath you have taken as jurors, convict him. You should not in the consideration of this case search for a doubt, but you should in such consideration, uninfluenced by bias, prejudice, passion or sympathy, at all times seek the truth.