Floyd John THIBODEAU, Petitioner
and Appellant.

v.

STATE of South Dakota, Appellee.

No. 13047.

Supreme Court of South Dakota.

Considered on Briefs Sept. 12, 1980.

Decided Nov. 26, 1980.

---

Thomas M. Frankman of Willy, Pruitt, Matthews, Hurd, Farrell, Frankman & Johnson, Sioux Falls, for petitioner and appellant.

Mark Smith, Asst. Atty. Gen., Pierre, for appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

PER CURIAM.

Petitioner appeals from an order dismissing his petition for post-conviction relief. We affirm.

Petitioner was sentenced to life imprisonment for murder. See *State v. Thibodeau*, 89 S.D. 404, 233 N.W.2d 326 (1975). Jury Instruction Number 13 at petitioner's trial provided:

The term "premeditated design to effect the death" as used in the foregoing definition of murder means an intention, purpose or deliberation to kill or take the life of the person killed, distinctly formed and existing in the mind of the perpetrator before committing the act resulting in the death of the person killed.

A statute of this state provides that a premeditated design to effect death sufficient to constitute murder may be formed instantly before committing the act by which it is carried into execution. *It is further provided that such design to effect death may be inferred from the fact of killing unless the circumstances raise a reasonable doubt whether such design existed.* Such an inference is nothing more than a permissible deduction from the evidence and it is for the jury to determine whether or not such an inference is to be made in view of the facts and circumstances shown. (emphasis added)

Petitioner argues that the italicized portion of this instruction shifted the burden of proof of premeditated design to petitioner and created a conclusive presumption in violation of the due process clause. *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

We considered an almost identical instruction in *State v. Cody*, 293 N.W.2d 440 (S.D.1980). We held:

Appellant maintains that the instruction shifted to him the burden of disproving an element of the crime charged, in violation of *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) and *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). We disagree. The instruction embodied not that of a conclusive or mandatory presumption, but

merely that of a permissible inference from which the jury was at liberty to draw its own conclusion after considering all the evidence presented. *Cf. Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) and *Adams v. State*, 92 Wis.2d 875, 289 N.W.2d 318 (1979). Although the state must prove every element of a criminal offense beyond a reasonable doubt, the instruction regarding a permissible inference does not violate due process as long as the evidence necessary to raise the inference is sufficient for a rational juror to find the inferred fact beyond a reasonable doubt. *County Court of Ulster County v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

293 N.W.2d at 451–452. See also *State v. Nelson*, 272 N.W.2d 817 (S.D.1978); *Nelson v. Solem*, D.C., 490 F.Supp. 481 (1980). We find no reason to deviate from this position.

The order dismissing the petition for post–conviction relief is affirmed.