**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Daniel J. DuBOIS, Defendant and Appellant.**

**No. 13067.**

Supreme Court of South Dakota.

Decided Jan. 28, 1981.

Lori S. Wilbur, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

George A. Bangs and Allen G. Nelson of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant and appellant.

PER CURIAM.

Defendant, Daniel J. DuBois, was convicted of first degree manslaughter. He appeals from the judgment sentencing him to 45 years in the penitentiary. We affirm.

Defendant contends that he did not voluntarily, knowingly and intelligently waive his constitutional right to counsel or his privilege against self-incrimination. He also contends that certain inculpatory statements made on October 14, 1977, were not made voluntarily.

These issues were before this Court in *State v. DuBois*, 286 N.W.2d 801 (S.D.1979), the intermediate appeal in this case. We held that defendant was not the subject of a custodial interrogation and that his statements were voluntarily given. We find no reason to deviate from this holding.

■ Defendant also contends that the trial court committed prejudicial error by giving Instruction 28. He argues that the instruction draws attention to defendant's testimony and to his credibility as a witness.

Instruction 28 states:

Under the law of this State a defendant in a criminal case is permitted to go upon the witness stand and testify in his own behalf, and the fact that he is the defendant is not in itself sufficient to impeach his testimony or ground for disregarding it, but in determining what weight you will give his testimony you have the right to take into consideration his interest in the result of the case and that he is the defendant on trial testifying in his own behalf.

We considered an almost identical instruction * in *State v. Sonnenschein*, 37 S.D. 585, 159 N.W. 101 (1916). In that case we said:

It is the contention of defendant that by this instruction the trial court singled out the testimony of the defendant and subjected it to a different rule from that applied to the testimony of other witnesses. A defendant in a criminal case cannot be required, against his will, to go upon the witness stand and testify; and, if he does not take the stand, his failure to do so cannot be the subject of comment by either the prosecuting attorney or the presiding judge, and any violation of this rule is invariably held to be ground for a reversal. On the other hand, if the defendant, in the exercise of his constitutional rights, does go upon the witness stand, then he subjects himself and his testimony to the same rules that apply to other witnesses and their testimony. His interest and his conduct and demeanor on the witness stand are subjects for the consideration of the jury, but the credibility of his testimony is to be tested by the same rules that apply to the testimony of other witnesses. In this case the instruction complained of called special attention of the jury to the testimony of the defendant, but we cannot see wherein the defendant was prejudiced, because in the same instruction the court cautioned the jury as follows:

"The fact alone that he is the defendant is not evidence sufficient to impeach or disregard his testimony."

This cured any error there might otherwise have been in the instruction.

37 S.D. at 599, 159 N.W. at 106. See *State v. Godlasky*, 47 S.D. 36, 195 N.W. 832 (1923).

■ Finally, defendant contends that the trial court abused its discretion by imposing a 45-year sentence. Because the sentence is within the statutory limits, SDCL 22–16–15, SDCL 22–6–1, we will not review it on

---

* The instruction in *Sonnenschein*, supra, reads:
"Under the law the defendant in a criminal case is permitted to go upon the witness stand, and testify in his own behalf, and the fact alone that he is the defendant is not evidence sufficient to impeach or discredit his testimony, but in arriving at your verdict and in determining what weight and credit you will give to his testimony you have the right to take into consideration his interest in the result of this suit, and that he is the defendant on trial, testifying in his own behalf. In other words, the interest of the defendant in the result of this trial is a matter to be taken into consideration by the jury— what weight and credit ought to be given to his testimony."
37 S.D. at 598, 159 N.W. at 106.

appeal. *State v. O'Blasney*, 297 N.W.2d 797 (S.D.1980); *State v. Helm,* 287 N.W.2d 497 (S.D.1980).

The judgment is affirmed.

MILLER, Circuit Judge, sitting for HENDERSON, J., disqualified.