(No. 37334.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GORDON DE SIMONE, Plaintiff in Erorr.

*Opinion filed March 25, 1963.*

GERALD W. GETTY, Public Defender, of Chicago, (JAMES J. DOHERTY, JOHN MARSHALL BRANION, and JOHN M. FLAHERTY, Assistant Public Defenders, of counsel,) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED

G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Edward J. Hladis and James R. Thompson, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Hershey delivered the opinion of the court:

The defendant, Gordon De Simone, was indicted in the criminal court of Cook County for the murder of John Hodaly. He was found guilty by a jury and sentenced to a term of 99 years. To reverse said conviction he now contends the trial court erred in admitting certain confessions into evidence, that error was committed in failing to instruct the jury in accordance with his request, that the prosecutor was guilty of prejudicial argument to the jury and that the State failed to prove his guilt beyond a reasonable doubt.

On September 26, 1953, John Hodaly was found lying on the road in front of his greenhouse apparently suffering from a gunshot wound. The chief of police of Hillside found the victim and summoned the ambulance. He noticed the wound in the victim's chest and found a .22 caliber pellet lying on the ground nearby. He and other officers examined the area and found some empty .22 caliber cartridge casings. Edward Sindelar, who lived about 300 feet from the greenhouse, testified that he was working on the rear of his house when he heard two shots. He looked towards the greenhouse and saw two men running towards an automobile. He could not tell whether the men were colored or white and described the automobile as a "dirty" blue two-door coupe.

On the evening of November 13, 1953, defendant was arrested pursuant to a warrant. He claims he was held incommunicado for 5 days from friends and counsel and was interrogated by at least 6 different people in 6 different locations on 10 separate occasions. Approximately 29 hours after his arrest a confession was obtained. A second con-

fession was obtained approximately 51 hours after his arrest. Defendant consulted with his attorney at the coroner's inquest. Defendant claimed that he was tortured prior to giving the two confessions but the State's witnesses denied any brutality in obtaining the confessions. On the hearing before the court without a jury as to the issue concerning the admissibilty of the confessions, the defendant testified to no questioning until the coroner's deputy interviewed him at the Bellwood police station. The chief of police of Hillside testified that on the morning of November 14, some questioning was done at the Maywood station before defendant was removed to Bellwood. Captain Witry, of the sheriff's police, testified he talked to defendant for 10 to 15 minutes after he arrived at Bedford Park. The defendant claimed that he was abused by four unidentified men at the Bedford Park station during the early evening of November 14. There was no other testimony, other than the State's denial of any alleged abuse of defendant; otherwise the testimony of defendant was in substantial agreement with that of the police. It appears from the record that defendant was interrogated for an hour or two during a 29-hour period between the time of his arrest and the first confession. There is no testimony concerning any interrogation between the first and second confession until approximately 8:00 o'clock on the evening of November 15. Upon the evidence in this record we are unable to find that the trial court was in error in holding the confessions were voluntarily given by defendant.

Defendant asserts he was denied counsel for a matter of several days after his incarceration. He was 21 years of age, had an eighth grade education, had previously served a sentence in Pontiac for burglary and had also been on probation for a similar charge. The record here does not support his claim of such emotional instability as would in any way materially effect the voluntary character of his confessions. Upon preliminary inquiry into the

voluntary nature of a confession the question of its competency is for the trial court and in making its decision the court is not required to be convinced of its voluntary character beyond a reasonable doubt. (See *People* v. *Nemke*, 23 Ill.2d 591.) It is to be noted that the first confession is conceded to be voluntary but it is claimed that the incriminating questions and answers were added after defendant signed the statement. The witnesses present denied this charge and the matter of the credibility of the witnesses concerning the first confession was for the trial court's determination.

Defendant has also urged that we change the rule concerning the jury's role in considering the evidence after the trial court has ruled, upon preliminary inquiry, that the confession is voluntary. Defendant claims the trial court applied an improper standard in its ruling on the confession at the time of the preliminary inquiry. We find that the trial court applied the proper standard in ruling the confessions were free and voluntary. The court did not find that the confessions were true. Defendant tendered an instruction (refused by the court) which in essence would permit the jury to disregard defendant's confession if they found same to be involuntary. The trial court gave the jury an instruction tendered by the State which informed them they had no right to disregard the confession but could only determine whether it was true or false, or partly true or false. The court's rulings were in accord with law. In *People* v. *Stacey*, 25 Ill.2d 258, we declared that the jury can determine only the weight to be given to a confession once a trial court has ruled that it is admissible.

Defendant claims all the material witnesses on the question of the voluntary character of the confessions were not called by the State and that error was committed thereby. On this particular matter the trial court remarked that the time during which he claims he was mistreated is

covered by the officers, who the State claims and the testimony shows had charge and custody of him. The trial judge noted that all of the officers who had contact with and supervision of the defendant were produced in court. There is no evidence indicating that any of the witnesses who defendant claimed should have been called were at any time in the presence of or had any control over the defendant. The State is not required to produce all witnesses who may have seen defendant during his incarceration and who had nothing to do with his supervision or confession.

Defendant also claims the trial court erred in refusing to give certain instructions concerning his illegal detention. One instruction informed the jury that defendant must be taken forthwith before a magistrate or else his detention would be illegal. The other instruction informed the jury that they were to consider the question of the voluntary character of the confession. We have already declared that this was not within the province of the jury but for the trial court to determine. Another instruction informed the jury it did not have to affirmatively believe from the evidence that defendant was unlawfully detained before it could find that he was unlawfully detained. The confusing language of this instruction is enough to suggest the basis of its proper refusal by the trial court. These instructions went to the matter of the voluntary character of the confessions being submitted to a jury and were in support of defendant's theory which this court has rejected.

Defendant next points out the court should have given to the jury an instruction that the fact of defendant's illegal detention was strongly corroborative of his claim of coercion. We do not believe that under the evidence in the record of this case the said instruction should have been given and that any prejudice was suffered by defendant in its refusal. The jury heard all the testimony and evidence offered by defendant concerning his attack on the confessions. One of the instructions given to the jury

indicated that while the fact that the crime charged in the indictment has been committed by someone may not be proved by the confession alone, the confession may be considered in connection with other facts and circumstances admitted in evidence to establish the fact that the crime charged in the indictment has been committed by someone, and it is sufficient if other facts and circumstances in evidence so fully corroborate the confession as to show the commission of the offense charged in the indictment. In another instruction the jury were informed that they were the exclusive judge of the credibility of the confession and the weight which should be given it as proof. They were told by another instruction that they should take into consideration all the circumstances in evidence in regard to the making of the confession in determining its truth or falsity; that whether the confession was true or false, or partly true or false, was a question for the jury to determine. They were told that it was for the jury to consider and weigh the confession and give it such credit as it may be entitled to in the judgment of the jury. It is difficult for us to perceive as a practical matter, how, either in the case of the giving of certain instructions or the failure to give certain instructions, a jury can humanly disregard recorded evidence concerning circumstances surrounding the confessions, as existed in the particular case. The matter of the alleged brutality, the alleged unlawful detention, all other objections of defendant concerning his incarceration and the making of the admissions and confessions were clearly brought out in evidence before the jury. They were told that the matter of the credibility to be given these confessions was for them to determine. We therefore hold the jury was properly instructed and that no reversible error concerning such instructions was committed in the trial court.

The defendant further contends that the prosecutor made certain prejudicial and inflammatory remarks in his

argument to the jury. The facts show that the defendant's counsel in his argument had made the charge that the defendant when arrested had been taken to the Bedford police station in order that he might be "worked on" in connection with his confession. This charge had been answered by the prosecutor by a statement to the effect that the Hillside police station where the defendant might have been taken did not have the proper facilities when a major crime had been committed. Both statements by the prosecutor and the defendant's counsel, in our opinion, were immaterial, but that made by the prosecutor was neither prejudical nor inflamatory.

We are also of the opinion that the evidence is sufficient to prove the defendant guilty beyond a reasonable doubt.

For the foregoing reasons the judgment of the trial court is affirmed.

*Judgment affirmed.*