(No. 40141.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CHARLES EARNEST NICHOLLS, Appellant.

*Opinion filed January 29, 1969.—Modified on denial of rehearing March 25, 1969.*

James J. Massa, of Collinsville, appointed by the court, for appellant.

William G. Clark, Attorney General, of Springfield, and Leon G. Scroggins, State's Attorney, of Edwardsville, (Fred G. Leach, Assistant Attorney General, and William F. Kinder, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Ward delivered the opinion of the court:

Following a jury trial in the circuit court of Madison County, Charles Earnest Nicholls was found guilty of murder and sentenced to the penitentiary for a term of 75 to 125 years. Nicholls has appealed directly to this court alleging numerous errors and constitutional violations, including *inter alia,* charges that the State failed to establish his guilt beyond a reasonable doubt; that his written confession was improperly and unconstitutionally obtained; that both a written confession and an oral admission were improperly admitted into evidence; that the court permitted the admission of improper evidence by the State and excluded relevant and material evidence of the defendant; that the court erred in the giving and refusing of instructions; and that the comments of the prosecutor in the closing argument were so inflammatory and prejudicial that the defendant was deprived of a fair trial.

Sometime between the hours of 4:30 P.M. on February 3, 1965, and 7:45 A.M. on February 4, 1965, Aaron Liggett was shot and killed at his home near the Arlington Golf Course in Madison County, Illinois. On February 7, 1965,

the appellant was arrested at his mother's home in Granite City, Illinois and he subsequently confessed to having committed the crime with Earnest Nicholls, his father, and a Paul Kelley.

Nicholls was indicted for murder and on his motion was granted a severance from his father and Paul Kelley, who had also been named by the grand jury. According to the confession, Nicholls and Paul Kelley, his adopted brother, had shot and killed Aaron Liggett at about 2:30 A.M. or 2:45 A.M. on February 4, 1965, for which they were paid $150 each by the appellant's father, Earnest Nicholls. The confession stated that they had driven to Liggett's house at about 7:30 P.M. or 8:00 P.M. on February 3, 1965, and following a short conversation with Liggett they left and went to the Evergreens Tavern in Granite City. On the way to the tavern Kelley told Nicholls that Earnest Nicholls wanted Liggett killed for "messing around" with the appellant's stepmother and that Earnest Nicholls had purchased the .22 caliber pistol, which Kelley had shown the appellant earlier. Kelley and Nicholls were at the Evergreens Tavern until it closed and then at Nicholl's suggestion they returned to Liggett's home. When admitted by Liggett the defendant Nicholls who stood behind Kelley, shot him four times in the face. Liggett fell, but, as the confession related, he appeared to be still breathing. Thereupon, Kelley then reloaded the weapon, and fired six times, Nicholls believed, the bullets apparently striking Liggett in the chest. Nicholls then removed the victim's wallet from his trousers and took $12 from it. The next day, Nicholls stated, he and his father burned Liggett's wallet.

After confessing, the appellant led Louis Bowman, the chief investigator for the Madison County Sheriff's Office, to where he had said the wallet had been burned. Remains of the charred wallet and its contents were recovered and the remains and the confession were admitted into evidence.

The appellant in contending that he was not proved

guilty beyond reasonable doubt, complains that there was a basic conflict in the evidence between his confession and his alibi. He had introduced the testimony of several witnesses to support the alibi, that on the night of the killing he had been at the Evergreens Tavern in the company of his sister and her boyfriend from approximately 9:00 P.M. until it closed and that he left the tavern only once at about 11:00 P.M. to pick up his mother, who returned with him and stayed with the party until closing time. Then, he said, he and his sister proceeded to Johnny Lewis' tavern in Madison, Illinois, where they stayed until it closed. After leaving that tavern, according to his evidence, he went to his mother's home to sleep but when he was not allowed to stay as he was intoxicated, his sister took him to his father's house where he slept until morning.

Nicholls denied that Kelley was with him at either of the taverns and the conclusion invited by this testimony was that he could not possibly have committed the crime with Kelley on February 4, 1965, at 2:45 A.M., as related in his confession, or at any other suggested time of Liggett's death.

The appellant also claims that there was a conflict between a pathologist's testimony, who appeared for the prosecution, regarding the wounds received by the deceased and the confession he gave of the crime. Further, Nicholls argues his confession was never substantially corroborated.

It is the function of the jury to weigh testimony, judge the credibility of witnesses and determine factual matters in debatable sets of circumstances (*People* v. *Woods, 26* Ill.2d 582, 585). This court will not substitute its judgment for that of a jury nor disturb the finding of a jury unless the finding is palpably contrary to the manifest weight of the evidence. (*People* v. *Peto,* 38 Ill.2d 45, 49; *People* v. *Solomon,* 24 Ill.2d 586, 591.) The appellant did disavow his confession and offered testimony which was inconsistent with statements of the confession, but the confession was

corroborated in important part by the locating of the remains of the victim's wallet at the place where the appellant in his confession stated it could be found. Any appearing discrepancy between Nicholl's confession and the physical evidence was for the jury to consider in assessing the weight and credibility to be given the confession. (*People* v. *Hester,* 39 Ill.2d 489, 511.) From a review of the entire record it is clear that the jury's finding of guilt was justified.

Nicholls complains, too, that an oral confession was improperly admitted in evidence against him without a preliminary hearing on the question of its voluntariness. During the testimony of Captain Bowman, concerning the evidence of the remnants of the burned wallet and its contents, the witness stated that Nicholls had told him where the wallet was and, when it was located, said: "This is the wallet that I took from the pants of Aaron Liggett." It is argued that this was an oral confession and that it could not be admitted without a preliminary hearing on the question of voluntariness. However, two hearings by two judges had been had on the voluntariness of the written confession given by the appellant prior to the testimony of Captain Bowman as to this statement by the appellant. In the written confession, which preceded the oral statement in question, the appellant said that he had taken the wallet from the deceased and that he and his father had driven to "Sunset Hill" and burned it. We do not believe that under these circumstances an additional hearing was required.

Complaint is also made by the appellant that Captain Bowman's testimony concerning his incriminating statement was improper and prejudicial, because the appellant was taken by surprise as he had not been given a list of witnesses to the confession as is provided for by Section 114—10 of the Code of Criminal Procedure. Ill. Rev. Stat. 1967, ch. 38, par. 114—10.

It is not necessary to consider whether the statement concerned constituted a confession, for the objection now

presented was not made at trial and under these circumstances it must be held that the direction of the statute, if applicable, was waived. See *People* v. *Seno,* 23 Ill.2d 206; *People* v. *Hubbard,* 38 Ill.2d 104.

All of the witnesses to Nicholls' written confession testified at the trial concerning his statement save Captain Bowman. Because of this Nicholls now urges that the admission of the confession into evidence, where every witness to the statement was not called at trial, was improper. However we do not consider that section 114—11 of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 114—11) requires that the State at trial must present again all of the witnesses to a confession who appeared at the pretrial hearing at which the confession was found to have been voluntary. Though "the circumstances surrounding the making of the confession may be submitted to the jury as bearing upon the credibility or the weight to be given to the confession." (Ill. Rev. Stat. 1967, ch. 38, par. 114—11) the question "of the admissibility of the confession shall not be submitted to the jury." Ill. Rev. Stat. 1967, ch. 38, 14—11(f).

The contention that the court's refusal to admit testimony of a polygraph examiner at the trial was error is without merit. The polygraph examiner was not present at any time during the taking of the written confession, and from Nicholl's offer of proof it was apparent that his purpose in seeking to present the witness was to show that the examiner had made statements, apparently based on his polygraphic examination, to the effect that Nicholls had not committed the crime. We have consistently held that the results of a polygraphic examination cannot properly be introduced as evidence either of guilt or innocence of an accused. (*People* v. *Nelson,* 33 Ill.2d 48, 51; *People* v. *Boney,* 28 Ill.2d 505; *People* v. *Zazzetta,* 27 Ill.2d 302.) The trial court properly declined to admit this proposed testimony.

The appellant also complains that he was denied his right to counsel by the court's failure to appoint separate counsel for him at the earliest opportunity, which was at the preliminary hearing. However, at the preliminary hearing, he was represented by court-appointed counsel and made no request for separate counsel at that time. Too, he has not shown any possible prejudice by reason of not being separately represented at the preliminary hearing.

It is argued that the giving of People's instruction No. 17 was error. The instruction read: "The court instructs the jury that before a defendant can avail himself of the defense of alibi, the proof must cover the whole of the time of the commission of the crime so as to render impossible, or highly improbable, that the defendant could have committed the act, and unless the proof in a case covers the whole time so as to render the commission of the crime by a defendant impossible or highly improbable, the defense is not available to such defendant."

The complaint is that the instruction improperly shifts the burden of proof to the defendant and does not accurately instruct the jury that the defendant has only to create a reasonable doubt that he was not at the scene of the crime to justify a verdict of not guilty.

*People* v. *Pearson,* 19 Ill.2d 609, is cited in support of the argument that the instruction was improper. While *Pearson* did hold that a similar instruction there was improper, this court found the objectionable suggestions of the instruction concerning the burden of proof were overcome by an additional instruction given to the jury, similar to the People's instruction No. 14 given here, which declared that the defense of alibi would be sufficient if it created a reasonable doubt of the defendant's guilt. *Pearson* also held, while it was error under circumstances there to give the instruction, it was not such an error, considering the entire record, to require reversal of the judgment. After reviewing the entire record here, we conclude as we did in *Pearson* and

hold that any error in giving the criticized instruction here was not such an error to require a reversal, particularly in view of the remedial effect of giving People's instruction No. 14.

Nicholls contends that the admission into evidence of death photographs of the victim was prejudicial error, as he had been willing to stipulate to any facts which the State might show by the photographs. Under this circumstance, he argues that the photographs lacked any probative value and were introduced only to inflame the jury.

We do not find merit in this argument, for as this court pronounced in *People v. Scheck,* 356 Ill. 56, 62: "It has never been held that the State is barred from proving a fact because the defendant offers to admit it, but, on the contrary, the rule is that when a trial is upon a plea of not guilty the State is permitted to go ahead and introduce its full proof of the crime charged in the indictment." Recently in *People v. Speck,* 41 Ill.2d 177, we stated again the rule that the admission of photographs of a victim is within the discretion of the trial court and the exercise of that discretion will not be interefered with unless it is shown there has been an abuse to the accused's prejudice. We held there that there was no error in admitting into evidence photographs of the murdered victims.

The photographs of the deceased here showed the position of the body, the nature and extent of the wounds, and to some extent corroborated the confession of Nicholls. The photographs were admissible for these purposes and the prosecution was not barred from introducing them simply because the defendant was willing to stipulate to whatever might be shown by them.

*People v. Jackson,* 9 Ill.2d 484, and *People v. Lefler,* 38 Ill.2d 216, cited by the defendant, are distinguishable cases. In *Jackson,* the photograph of the deceased was taken after an autopsy and irrelevantly revealed a portion of the autopsic incision. The photographs in *Lefler* which the court

found had no probative value were color photographs taken during the process of autopsy and were projected on a screen approximately 44″ by 26″ in size. The physician who performed the autopsy had testified previously in detail to his findings and had used a blackboard to illustrate the injuries.

Nicholls urges, too, that the prosecutor's comments in closing argument were inflammatory and prejudicial, not based on the evidence, derogatory of opposing counsel and of a nature to deprive him of a fair trial. We find that some of the prosecutor's remarks were improper but we do not find under the circumstances of this trial that because of them the judgment should be reversed. Considering the comments made in the light of the evidence of guilt presented by the prosecution it cannot be said they represented a material factor in the conviction and that the verdict would have been different had the comments been unsaid. *People* v. *Armstrong*, 41 Ill.2d 390; Agenda 30; *People* v. *Kirk*, 36 Ill.2d 292; *People* v. *Mackey*, 30 Ill.2d 190; *People* v. *Naujokas*, 25 Ill.2d 32; *People* v. *Berry*, 18 Ill.2d 453; and *People* v. *Stephens*, 6 Ill.2d 257.

We also find without merit the contention that Nicholls was hindered in preparing his defense because the indictment which charged Earnest Nicholls, Paul Kelley and himself jointly as well as individually did not specify whether he was being charged as a principal or an accessory. There is no distinction under our statute between an act performed by the accused himself and the act of another for which he is legally accountable. (Sec. 5—1 of the Criminal Code, Ill. Rev. Stat. 1967, ch. 38, par. 5—1.) An indictment need not so distinguish.

Nicholls argues that the commands of *Miranda* v. *Arizona*, 384 U.S. 438, 16 L. Ed. 2d 694, 86 S. Ct. 1602, should as a matter of fundamental fairness be considered as applying to his trial, but we have expressly held that in our

judgment fairness does not require the prescription of *Miranda* to be applied retrospectively. We believe the administration of justice is better served by not applying *Miranda* to trials commenced before June 13, 1966. See *People v. Worley*, 37 Ill.2d 439; *People v. McGuire*, 35 Ill.2d 219; *People v. Carter*, 39 Ill.2d 31, 39; *People v. Doherty*, 36 Ill.2d 286; *People v. Kirk*, 36 Ill.2d 292.

Next, the defendant states that the trial court's finding that the defendant's confession was voluntary was against the manifest weight of the evidence. The preliminary inquiry into the voluntary nature of a confession is a question of its competency and is for the trial court. In making its decision the court is not required to be convinced beyond a reasonable doubt. (*People v. Carter*, 39 Ill.2d 31; *People v. De Simone*, 27 Ill.2d 406, 409; *People v. Nemke*, 23 Ill.2d 591.) Such a finding, we have stated, will not be disturbed unless it can be said that this finding was contrary to the manifest weight of the evidence. (*People v. Daily*, 41 Ill.2d 390; *People v. Kirk*, 36 Ill.2d 292, 295.) An examination of the record here does not cause a conclusion that the trial court's finding that the confession was voluntary is contrary to the weight of the evidence.

Nicholls claims he was illegally detained for 34 hours, unfulfilled promises of leniency were made to him and psychological pressures were applied to make him confess. Witnesses offered by the People denied such promises and coercion. The record discloses that during his detention Nicholls had proper sleep and food and that he was not questioned continuously. If any unlawfulness of detention be assumed, such detention does not of itself invalidate a confession but it was a circumstance to be considered in determining if a confession was voluntary. (See *People v. Novak*, 33 Ill.2d 343, 348.) We find nothing to suggest that the trial court erred in preferring the testimony of the People's witnesses to that of Nicholls.

Another basis of error presented is that the People should have been required to call the polygraphic examiner who had administered a lie test to the defendant and that when the examiner was called by the defense as a witness its examination of him was improperly restricted. However, the prosecution is not required to produce as witnesses all those who may have seen an accused during his detention and who had nothing to do with his supervision or confession. (*People* v. *De Simone,* 27 Ill.2d 406, 410.) As already stated, it appears that the defense sought to introduce the testimony of the witness relative to the polygraphic examination he administered. Such testimony was not competent. (*People* v. *Nelson,* 33 Ill.2d 48, 51.) The trial court's restriction was proper.

Complaint, too, is made that cross-examination of the People's witnesses was improperly limited. The scope of cross-examination rests within the discretion of the trial court and unless an abuse of discretion is found its judgment will not be disturbed. (*People* v. *Provo,* 409 Ill. 63, 68; *People* v. *DuLong,* 33 Ill.2d 140, 144.) We have examined the record and find that the court allowed great latitude in the defense's cross-examination of witnesses. No abuse of discretion in restricting such examination appears.

Nicholls, as a final claim, urges that he was denied constitutional rights to a fair trial when the jury was not allowed to consider the voluntariness of his confession and by the court's refusal to instruct the jury that they could disregard the confession if they found it involuntary. The practice in this State, is to submit to the jury only the question of the credibility of an accused's confession and to reserve for the court the determination of the question of the voluntariness of the confession. (*People* v. *Hester,* 39 Ill.2d 489, 515; *People* v. *Wagoner,* 8 Ill.2d 188, 197.) Therefore we have held that instructions similar to that tendered by Nicholls which would permit a jury to disregard a confession if they found it to be involuntary are erroneous and

properly refused by a court. *People v. De Simone,* 27 Ill.2d 406; *People v. Stacey,* 25 Ill.2d 258.

We affirm the judgment of the circuit court of Madison County.

*Judgment affirmed.*