1996 SD 143

STATE of South Dakota, Plaintiff
and Appellee,

v.

Thomas W. EAGLE STAR, Defendant
and Appellant.

No. 19439.

Supreme Court of South Dakota.

Argued Oct. 21, 1996.

Decided Dec. 18, 1996.

Mark Barnett, Attorney General, Grant Gormley and Jennifer K. Trucano, Assistant Attorneys General, Pierre, for plaintiff and appellee.

Sandy Steffen of Johnson, Eklund, Nicholson & Dougherty, Gregory, and Paul E. Jensen of Jensen and Massa, Winner, for defendant and appellant.

MILLER, Chief Justice.

[¶ 1] Thomas William Eagle Star (Defendant) appeals his conviction of aggravated assault. We affirm.

## FACTS

[¶ 2] On the evening of June 5, 1995, people gathered at Victim's residence in Gregory, South Dakota. The group, including Victim, consumed a large amount of alcohol throughout the course of the evening. Defendant arrived at the party at approximately 10:00 p.m. and began drinking. The party continued outside until 11:00 p.m., and then moved inside the house, where Victim's three children were sleeping. When the party concluded at 1:30 a.m., Defendant, Victim, her children and Victim's grandfather remained in the house.

[¶ 3] H.W.H., Victim's ten-year-old son, shared a bed with his mother on the first floor of the house. During the early morning hours, H.W.H. was awakened by his mother "bumping" him. He observed Defendant naked and on top of his mother. He also observed Victim trying to push Defendant off of her and heard her tell Defendant, "I'm already going with somebody else." According to the child, Defendant struck Victim in the face with his fist, causing her head to hit the bed frame. H.W.H. observed Defendant draw his fist to strike Victim again but Defendant refrained. Victim instructed H.W.H. to call the police and the boy left the house to get help. When H.W.H. left the bedroom, Victim was sitting on the bed holding the back of her head and Defendant was getting dressed.

[¶ 4] H.W.H. ran across the street and asked the neighbors to call the police. While he waited for the police to arrive, he observed Defendant standing in Victim's yard near the kitchen door. Gregory City Police Officer Todd Christensen found Victim lying semiconscious and naked on the kitchen floor with cuts and scrapes about her head and shoulders. Victim's grandfather was asleep in the kitchen and unable to tell Officer Christensen what had happened.

[¶ 5] Emergency personnel were summoned and Victim was transported to the emergency room. On arrival, her right eye was swollen shut, enlarged to a quarter size of a baseball and could not be opened. Her mid-forehead above her right eye was swollen. A preliminary diagnosis of a hematoma of the brain was made by Dr. Nemer. Bruises on Victim's left shoulder and right leg were also observed. The doctor concluded

these injuries were recent and consistent with being assaulted.

[¶ 6] Victim was released from the hospital to her mother's care on June 7, 1995. She was scheduled to return to the hospital for a CAT scan on June 9, 1995. Prior to the scheduled appointment, her condition worsened and she was readmitted to the hospital by Dr. Malm. Victim was confused about where she was, the date and her age, had no recollection of the assault, was unable to eat or drink and had trouble maintaining her balance. A CAT scan confirmed Victim suffered a subdural hematoma of the brain. Her condition continued to worsen and she was transferred to Sioux Valley Hospital in Sioux Falls, South Dakota. A second CAT scan which was administered on June 13, 1995, evidenced a fracture of the medial wall of the inside margin of Victim's right eye, causing an irreversible injury.

[¶ 7] Prior to trial, Defendant offered to stipulate to the serious nature of Victim's injuries. The State declined the offer. At trial, Defendant admitted hitting Victim three times. He testified the first hit occurred on the bed when he hit Victim in the mouth with his fist. A second hit to the mouth occurred while Victim was sitting on the bed. Defendant admitted a third hit was a slap across the face as he was leaving the house. Defendant testified Victim did not appear to be seriously injured when he left the house.

[¶ 8] During settlement of final jury instructions, Defendant proposed South Dakota Criminal Pattern Jury Instruction 1–14–1 on direct and circumstantial evidence. The trial court refused Defendant's proposed instruction, stating the proposed instruction

was duplicative of preliminary instruction six and was "an awful instruction." Defendant proposed repeating preliminary instruction six as a final instruction. The trial court declined Defendant's request.[1]

[¶ 9] Following a two-day trial, the jury found Defendant guilty of aggravated assault. Defendant appeals.

[¶ 10] **I. Whether the trial court erred in refusing Defendant's proposed jury instruction on direct and circumstantial evidence.**

[¶ 11] Defendant proposed the jury be instructed pursuant to South Dakota Criminal Pattern Jury Instruction 1–14–1 as follows:

Direct evidence means evidence that directly proves a fact, without an inference, and which in itself, if true establishes that fact.

Circumstantial evidence means evidence that proves a fact from which an inference of the existence of another fact may be drawn.

It is not necessary that facts be proven by direct evidence. They may be proved also by circumstantial evidence or by a combination of direct and circumstantial evidence. The law makes no distinction between direct evidence and circumstantial evidence as a means of proof. Neither is entitled to any greater weight than the other.

Where the case of the state rests substantially or entirely on circumstantial evidence, you are not permitted to find the defendant guilty of the crime charged against him unless the proved circumstances are not only consistent with the guilt of the defendant, but cannot be recon-

---

1. The following exchange between the trial court and defense counsel took place regarding Defendant's proposed instruction and request to repeat preliminary instruction six on direct and circumstantial evidence:

 COURT: Seven I will not give. It's duplicative and the jury instruction as purported by the criminal pattern jury instruction is awful. And I'm on that committee and it is being changed. That's an awful instruction and I wouldn't give it.
 DEFENSE: Well, might the Court then consider taking the one out of its pre-trial instructions?

COURT: Now, just a minute. I've got that list that—well, the testify [sic] one which the Court had proposed is not needed, so that takes it out. If you will look at the next instruction, that instructs on the presumption of innocence. And then in the second paragraph is your proposed 5, isn't it? Yeah.

The trial court appears not to have specifically declined Defense counsel's request to repeat the preliminary instruction. However, the absence of the instruction in the final instructions evidences the trial court's refusal.

ciled with any other rational conclusion and each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt has been proved beyond a reasonable doubt.

If all the facts and circumstances shown can be reasonably accounted for upon any theory consistent with the innocence of the defendant, the jury must acquit the defendant.

[¶ 12] Defendant contends the trial court's refusal to give the proposed instruction at the close of evidence was error.

## STANDARD OF REVIEW

[¶ 13] We review a trial court's refusal of a proposed instruction for abuse of discretion. *State v. Black*, 494 N.W.2d 377, 381 (S.D.1993). "The trial court has broad discretion in instructing the jury." *State v. Rhines*, 1996 SD 55, ¶ 111, 548 N.W.2d 415, 443. Jury instructions are sufficient when, considered as a whole, they correctly state the applicable law and inform the jury. *State v. Fast Horse*, 490 N.W.2d 496, 499 (S.D.1992) (citing *State v. Grey Owl*, 295 N.W.2d 748, 751 (S.D.1980)). It is not error for the trial court to refuse a requested instruction which amplifies the principle embodied in a given instruction. *State v. Johnston*, 478 N.W.2d 281, 283 (S.D.1991); *State v. Gillespie*, 445 N.W.2d 661, 664 (S.D.1989); *State v. Weisenstein*, 367 N.W.2d 201, 206 (S.D.1985).

[¶ 14] Error in refusing a proposed instruction is reversible only if it is prejudicial, *Gillespie*, 445 N.W.2d at 664, and the defendant has the burden of proving prejudice. *State v. Corder*, 460 N.W.2d 733, 738 (S.D.1990). To reverse a conviction for failure to give a proposed instruction, the defendant must show the jury would have returned a different verdict if the proposed instruction was given. *State v. Knoche*, 515 N.W.2d 834, 838 (S.D.1994) (citing *State v. Stapleton*, 387 N.W.2d 28 (S.D.1986)). Ab-

sent such an error, the trial court will not be reversed. *Weisenstein*, 367 N.W.2d at 206.

## ANALYSIS

[¶ 15] The trial court has a duty to instruct the jury on the law applicable to the case. *Black v. Gardner*, 320 N.W.2d 153, 158 (S.D.1982) (citing *Jahnig v. Coisman*, 283 N.W.2d 557 (S.D.1979); *Egan v. Sheffer*, 86 S.D. 684, 201 N.W.2d 174 (1972)). Use of the criminal pattern jury instructions to accomplish this task is not mandated.[2] *State v. Latham*, 519 N.W.2d 68, 73 (S.D.1994). The trial court may rely on the pattern jury instructions or draft its own instructions. *Id.* "[A]ll that is required is that jury instructions, read as a whole, correctly state the law and inform the jury." *Id.* (citing *State v. Schuster*, 502 N.W.2d 565, 568 (S.D.1993); *State v. Oster*, 495 N.W.2d 305, 312 (S.D. 1993); *Johnston*, 478 N.W.2d at 283)).

[¶ 16] When the State's case rests substantially or entirely on circumstantial evidence, the trial court must instruct the jury the defendant cannot be convicted unless "(1) the proved circumstances are not only consistent with the guilt of the accused, but cannot be reconciled with any other rational conclusion and (2) each fact which is essential to complete a set of circumstances necessary to establish the accused's guilt has been proved beyond a reasonable doubt." *State v. Breed*, 399 N.W.2d 311, 313 (S.D.1987) (citing *Weisenstein*, 367 N.W.2d at 206; *State v. Hall*, 353 N.W.2d 37 (S.D.1984); *State v. Schafer*, 297 N.W.2d 473 (S.D.1980); *State v. Luna*, 264 N.W.2d 485 (S.D.1978)). The charges against Defendant required that the State prove he assaulted Victim with the intent to commit bodily injury which resulted in serious bodily injury. *See* SDCL 22–18–1.1(4). Other than Defendant's admission that he struck Victim in the mouth, the only direct evidence linking Defendant to the irreversible injuries she sustained as a result of the hit to her right eye was H.W.H.'s observation

---

2. While we have not mandated the use of pattern jury instructions, we note the pattern jury instructions have been carefully drafted to reflect the law. South Dakota Criminal Pattern Jury Instruction 1–14–1 has been expressly adopted by this Court as an accurate reflection of direct and circumstantial evidence. *State v. Breed*, 399 N.W.2d 311, 314 (S.D.1987). A trial court's personal disapproval of a pattern instruction is not persuasive reasoning for refusing the instruction if the facts warrant it.

of Defendant striking Victim "in the face." There was no direct evidence as to the exact cause of her injuries nor was there any direct evidence as to Defendant's intent at the time of the assault. The State's evidence on the required elements of aggravated assault was substantially circumstantial; therefore, the trial court was required to instruct the jury on direct and circumstantial evidence.

[¶ 17] Under the authority of SDCL 15–6–51(a), the trial court instructed the jury through eleven preliminary instructions.[3] *See* SDCL 23A–25–4. Included in these preliminary instructions was an instruction on direct and circumstantial evidence. Preliminary instruction six provided:

> There are two types of evidence—direct and circumstantial. Direct evidence is based on actual knowledge or observation. For example, if the witness actually saw an act occur, it is direct evidence. If you see it rain, that is direct evidence that it rained. Circumstantial evidence, on the other hand, is indirect evidence or circumstances that indicate that some fact may or may not exist. For example, if you wake up in the morning and look out the window and see a wet street, you may conclude that it rained during the night.
>
> There is no legal difference between direct and circumstantial evidence. Sometimes direct evidence may be more convincing and other times circumstantial evidence may be more convincing.
>
> Where the state's case rests substantially or entirely on circumstantial evidence, you cannot find the defendant guilty of the crime unless the circumstances are not only consistent with the guilt of the defendant, but cannot be reconciled with any other rational conclusion. Each essential fact necessary to complete a set of circumstances to establish the defendant's guilt must be proved beyond a reasonable doubt.
>
> If the facts and circumstances are consistent with the innocence of the defendant, the jury must acquit the defendant.

[¶ 18] Defendant does not allege the preliminary instruction given by the trial court was a misstatement of the law or misinformed the jury. Rather, he contends the trial court was required to instruct the jury on the law of the case, namely direct and circumstantial evidence, in the final instructions and failed to do so.

[¶ 19] SDCL 23A–25–4 requires the trial court to instruct the jury as to the issues and the law of the case "[a]t the close of evidence." Prior to hearing all the evidence presented, the trial court is not in a position to fully instruct the jury on the applicable law. Only after hearing the testimony, evidence and theories of the parties can the trial court accurately and completely instruct the jury as to the applicable law. *State v. Johnson*, 81 S.D. 600, 609, 139 N.W.2d 232, 238 (1965). "It is only then that the court is in position to determine what issues find support in the evidence." *Id.*

 [¶ 20] While we approve of the use of preliminary instructions to instruct the jurors on their function, the presumption of innocence, the burden of proof and other preliminary matters aimed at making the trial more understandable,[4] preliminary instructions do not obviate the trial court's responsibility to instruct the jury as to the applicable law at the close of evidence. *See* SDCL 23A–25–4; *United States v. Ruppel*, 666 F.2d 261, 274 (5th Cir.1982), *reh'g denied*, 671 F.2d 1378, *cert. denied*, 458 U.S. 1107, 102 S.Ct. 3487, 73 L.Ed.2d 1369 (1982).

---

**3.** SDCL 15–6–51(a) provides, in relevant part:
The court, on its own motion or upon the motion of any party, after the jury is selected and sworn, but prior to opening statements, may in its discretion, give general and preliminary instructions to the jury on the conduct of the trial, but not on substantive legal issues.

**4.** We join in the Fifth Circuit Court of Appeals' encouragement of preliminary instructions:
Ideally, once the jury is sworn and the trial has begun, the trial judge should explain to the jurors their function as judges of the facts, the presumption of innocence, the burden of reasonable doubt, the roles of the judge and the lawyers, and other preliminary matters that are necessary to guide them through the trial. *United States v. Ruppel*, 666 F.2d 261, 274 (5th Cir.1982), *reh'g denied*, 671 F.2d 1378, *cert. denied*, 458 U.S. 1107, 102 S.Ct. 3487, 73 L.Ed.2d 1369 (1982) (citing ABA Advisory Committee on the Criminal Trial, Trial by Jury 116–18 (1968)).

The facts of this case warranted a final instruction on direct and circumstantial evidence. The trial court's refusal to instruct the jury on the applicable law of the case at the close of evidence was in error.

[¶ 21] As noted earlier in paragraph 14, error in refusing an instruction is reversible only if it is prejudicial and defendant has the burden of proving the trial court's refusal constitutes prejudicial error. Under the totality of the circumstances, we cannot conclude the trial court's error was prejudicial.

[¶ 22] At the close of evidence, the trial court read its final instructions, consecutively numbered twelve through twenty-six, to the jury. After argument of counsel, the preliminary instructions, numbered one through eleven, AND the final instruction were sent to the jury room for the jury's reference during deliberations. Preliminary instruction one admonished the jury to "consider these instructions *and any subsequent instructions* as a whole. Do not single out or disregard any instruction or question any rule of law. The order of the instructions has no significance as to their relative importance." (Emphasis supplied.) Juries are presumed to follow the instructions of the trial court. *State v. Thomas,* 381 N.W.2d 232, 237 (S.D.1986). As a whole, the preliminary and final instructions correctly stated the law of the case and informed the jury.[5] Additionally, defense counsel was not prohibited from arguing the circumstantial evidence instruction. In fact, defense counsel specifically asked the jury to closely consider preliminary instruction six and even read a portion of the instruction during closing argument.[6]

[¶ 23] Furthermore, the evidence against Defendant, including his own testimony that he repeatedly struck Victim that night, was overwhelming. Under these circumstances, we are unwilling to conclude the jury was unaware of the law of the case, and we are convinced beyond a reasonable doubt the jury would have returned a verdict of guilty irrespective of Defendant's claimed error. *See State v. Garritsen,* 421 N.W.2d 499, 501 (S.D.1988); *High Elk v. State,* 344 N.W.2d 497, 501 (S.D.1984). The trial court's error was harmless.

[¶ 24] **II. Whether the trial court erred in allowing testimony concerning the seriousness of Victim's injuries.**

[¶ 25] Prior to trial, Defendant offered to stipulate to the seriousness of Victim's injuries. The State declined the stipulation. Defendant contends his offered stipulation made causation the only issue for the jury to decide; therefore, any testimony concerning Victim's injuries, especially testimony from Victim, was irrelevant and highly prejudicial. We disagree.

[¶ 26] It is well settled the State must prove every element of the charged offense beyond a reasonable doubt. *Thibodeau v. State,* 298 N.W.2d 818, 819 (S.D. 1980); *State v. Cody,* 293 N.W.2d 440, 452 (S.D.1980). *See also Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) (noting the Fourteenth Amendment to the United States Constitution requires the State to prove each and every element of a criminal offense beyond a reasonable doubt). Admissions or stipulations to facts by the defendant do not relieve the State of its burden of proving the necessary elements of the offense. *State v. Huth,* 334 N.W.2d 485, 489 (S.D.1983); *State v. Krana,* 272 N.W.2d 75, 79 (S.D.1978) (holding State is not required to accept a defendant's stipulation). The State is not bound by a defendant's offer

---

5. In oral argument to this Court, Defendant conceded the instructions, as a whole, correctly stated the law of the case and informed the jury. Defendant did not object to preliminary instruction six as a misstatement of the law. Rather, Defendant only disputed the time at which the instruction was given to the jury.

6. During closing argument, defense counsel read the portion of preliminary instruction six which states:

Where the State's case rests substantially or entirely on circumstantial evidence, you cannot find the Defendant guilty of the crime unless the circumstances of the crime are not only consistent with the guilt of the Defendant, but cannot be reconciled with any other rational conclusion.

to stipulate to facts in an attempt to " 'rob the evidence of much of its fair and legitimate weight.' " *Parr v. United States,* 255 F.2d 86, 88 (5th Cir.1958) (quoting *Dunning v. Maine Central R.R. Co.,* 91 Me. 87, 39 A. 352, 356 (1897)), *cert. denied,* (358 U.S. 824, 79 S.Ct. 40, 3 L.Ed.2d 64 (1958)); *see also United States v. Spletzer,* 535 F.2d 950, 955 (5th Cir.1976); *People v. Nicholls,* 42 Ill.2d 91, 245 N.E.2d 771, 776 (1969); *State v. Gibb,* 303 N.W.2d 673, 682 (Iowa 1981); *State v. Saul,* 434 N.W.2d 572, 575 (N.D.1989).

■ [¶ 27] The State had the burden of proving Defendant assaulted Victim with the intent to commit bodily harm which resulted in serious bodily injury. *See* SDCL 22–18–1.1(4). "Serious bodily injury" is defined as " 'such injury as is grave and not trivial, and gives rise to apprehension of danger to life, health or limb.' " *State v. White Mountain,* 477 N.W.2d 36, 39 (S.D.1991) (quoting *State v. Janisch,* 290 N.W.2d 473, 476 (S.D.1980)). The nature and extent of Victim's injuries was an essential element of the crime charged. The trial court determined the evidence concerning Victim's injuries was relevant to the charged offense and more probative than prejudicial. *See* SDCL 19–12–1. Victim's inability to remember the events of the assault, her slurred speech and her incoherent responses to the questions asked of her, while perhaps unpleasant to observe, evidenced the nature and extent of her injuries. Whether these injuries constituted "serious bodily injury" was a question for the jury. *State v. Bogenreif,* 465 N.W.2d 777, 781 (S.D.1991). Defendant's offer to stipulate to Victim's injuries cannot deprive the State of graphic proof of Victim's injuries. *See Krana,* 272 N.W.2d at 79. The trial court did not abuse its discretion in allowing the jury to hear testimony concerning the existence and extent of Victim's injuries.

[¶ 28] Affirmed.

[¶ 29] SABERS, AMUNDSON, KONENKAMP and GILBERTSON, JJ., concur.

