1999 SD 29

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Eugene JEMISON, Defendant and Appellant.**

No. 20502.

Supreme Court of South Dakota.

Considered on Briefs Jan. 14, 1999.

Decided March 10, 1999.

Mark Barnett, Attorney General, Jeffrey P. Hallem, Assistant Attorney General, Pierre, for plaintiff and appellee.

Mark Kadi, Minnehaha County Public Defender's Office, Sioux Falls, for defendant and appellant.

GILBERTSON, Justice.

### FACTS AND PROCEDURE

[¶ 1.] A complaint was filed against Eugene Jemison (Jemison) on November 13, 1997, charging him with one count of burglary in the fourth degree and one count of false impersonation. Jemison was indicted on these charges by a Minnehaha County Grand Jury on November 26, 1997. He was arraigned on December 4, 1997, at which time he entered pleas of not guilty to both charges. A jury trial was held on March 10, 1997. The jury returned guilty verdicts on both counts. Jemison was sentenced to two years on the fourth degree burglary charge and one year with three months suspended on the false impersonation charge. We reverse and remand for a new trial.

[¶ 2.] Jemison raises several issues on appeal one of which is dispositive:

**Whether the trial court erred in failing to present to the jury all jury instructions at the close of the evidence.**

### ANALYSIS AND DECISION

We review a trial court's refusal of a proposed instruction for abuse of discretion. *State v. Black,* 494 N.W.2d 377, 381 (S.D.1993). "The trial court has broad discretion in instructing the jury." *State v. Rhines,* 1996 SD 55, ¶ 111, 548 N.W.2d 415, 443. Jury instructions are sufficient when, considered as a whole, they correctly state the applicable law and inform the jury. *State v. Fast Horse,* 490 N.W.2d 496, 499 (S.D.1992) (citing *State v. Grey Owl,* 295 N.W.2d 748, 751 (S.D.1980)). It is not error for the trial court to refuse a requested instruction which amplifies the principle embodied in a given instruction. *State v. Johnston,* 478 N.W.2d 281, 283

(S.D.1991); *State v. Gillespie*, 445 N.W.2d 661, 664 (S.D.1989); *State v. Weisenstein*, 367 N.W.2d 201, 206 (S.D.1985). *State v. Eagle Star*, 1996 SD 143, ¶ 13, 558 N.W.2d 70, 73.

[¶ 3.] In this case the trial court read the substantive jury instructions to the jury at the beginning of the trial, prior to any evidence being submitted. The trial court also gave a copy of the preliminary instructions to the jury. These preliminary instructions included instruction on the charges, the presumption of innocence, the state's burden of proving guilt, guilt beyond reasonable doubt, what constitutes direct and circumstantial evidence among other instructions.[1] The trial court did not re-read the preliminary instructions at the close of evidence. Instead, the Judge told the jury, "[t]his is the place that I would re-read the preliminary instructions, but to save time just consider that I have read them here and refer to them when you get into the jury room."[2] The Final Instructions did not include any instruction on the presumption of innocence or the state's burden of proving guilt beyond reasonable doubt. Defense counsel objected to the presentation of such instructions at the beginning of the case if they were not going to be re-read at the close of evidence.[3] Counsel also renewed this objection at the close of evidence.

[¶ 4.] We recently addressed this issue in *State v. Nelson*, 1998 SD 124, 587 N.W.2d 439. As this issue is controlled by *Nelson* we reverse and remand for a new trial.

[¶ 5.] MILLER, Chief Justice, and SABERS and KONENKAMP, Justices, concur.

[¶ 6.] AMUNDSON, Justice, dissents.

AMUNDSON, Justice (dissenting).

[¶ 7.] I respectfully dissent.

[¶ 8.] Refusal to instruct at the close of the evidence is reversible only if it rises to prejudicial error. *State v. Eagle Star*, 1996 SD 143, ¶ 21, 558 N.W.2d 70, 75. *See also State v. Two Bulls*, 1996 SD 53, ¶ 11, 547 N.W.2d 764, 766. The defendant has the burden of proving the trial court's refusal constitutes prejudicial error. *Id.*

[¶ 9.] The majority reverses, relying on *State v. Nelson*, 1998 SD 124, 587 N.W.2d 439. However, *Nelson* is distinguishable from the present case. In *Nelson*, the prejudicial error resulted from the *cumulative effect* of failing to give instructions at the close of the evidence coupled with the error of the thirteenth juror who was allowed to deliberate. 1998 SD 124, ¶ 20, 587 N.W.2d at 447. Unlike *Nelson*, in the present case there exists no such cumulative effect resulting in prejudicial error.

[¶ 10.] The present case is similar to *Eagle Star* where the Court, considering the totality of the circumstances, concluded that fail-

---

1. The preliminary instructions included the following: 1) Introduction; 2) Function of the Judge; 3) Function of the Jury; 4) Sidebars and Recesses; 5) Charging Document; "On or About"; 6) The Charges; 7) Penalties; How to Consider the Case; 8) Presumption of Innocence; Burden on State; 9) Proof of Guilt Beyond Reasonable Doubt; 10) What is Evidence; 11) What is Not Evidence; 12) Receipt of Evidence for Limited Purpose; 13) Direct and Circumstantial Evidence; 14) Believability of Witnesses; 15) Prior Inconsistent Statement; 16) Expert Witness; 17) Note Taking; 18) Conduct Outside the Court Room; 19) Trial Publicity; 20) Sequestration of Witnesses; 21) Order of Trial; Attorneys' Statements Not Evidence.

2. The final instructions only included: 22) Introduction; 23) The Charges; 24) How to Consider Two or More Charges; 25) What the State Must Prove in Count One; 26) What the State Must Prove in Count Two; 28) Definition of Entry; 29) Definition of Law Enforcement Officer; 30) Defi-

nition of Intent and Intentionally; 31) Definition of Theft; 32) Failure of Defendant to Testify; 33) Organization and Duties of Jury; 34) Communication; 35) Use Verdict Form. We note that there was no instruction 27.

3. Defense Counsel: Your Honor, I have a few concerns. It's not so much the instructions but when they are given. In reviewing the code, I believe an instruction of a substantive nature is appropriate to bring such instructions at the close of all evidence being submitted as opposed to in the beginning. I'm concerned about this not being read at the end of the case.

The Court: I give them instructions saying this is the spot I would reread them but I'm not going to reread them.

Defense Counsel: I'll make an objection for the record on that.

ure to give jury instructions at the close of the evidence did not rise to prejudicial error. 1996 SD 143, ¶ 21, 558 N.W.2d at 75. As this Court has repeatedly stated: "Jury instructions are adequate when, considered as a whole, they correctly state the law and properly inform the jury." *Two Bulls*, 1996 SD 53, ¶ 11, 547 N.W.2d at 766; *State v. Schmiedt*, 525 N.W.2d 253, 255 (S.D.1994); *see also State v. Knoche*, 515 N.W.2d 834, 838 (S.D.1994). "Juries are presumed to follow the instructions of the trial court." *Eagle Star*, 1996 SD 143, ¶ 22, 558 N.W.2d at 75 (citing *State v. Thomas*, 381 N.W.2d 232, 237 (S.D.1986)).

[¶ 11.] A court considers the totality of the circumstances to determine prejudice. *Eagle Star*, 1996 SD 143, ¶ 21, 558 N.W.2d at 75. In *Nelson*, the cumulative effect of errors resulted in prejudice. However, in this case, defendant has failed to show prejudicial error. Instead, the preliminary and final instructions, when construed as a whole, correctly stated the law and informed the jury. Furthermore, as we stated in *Eagle Star*:

> The evidence against Defendant ... was overwhelming. Under these circumstances, we are unwilling to conclude the jury was unaware of the law of the case, and we are convinced beyond a reasonable doubt the jury would have returned a verdict of guilty irrespective of Defendant's claimed error.

1996 SD 143, ¶ 23, 558 N.W.2d at 75 (citations omitted). A review of this record discloses overwhelming evidence to convict. Therefore, I would affirm.