2001 SD 117

**Vernon EDWARDS, Petitioner
and Appellant,**

v.

**STATE of South Dakota, Respondent
and Appellee.**

No. 21834.

Supreme Court of South Dakota.

Considered on Briefs Aug. 28, 2001.

Decided Sept. 19, 2001.

Debra M. Voigt of Galland Legal Clinic, Sioux Falls, SD, Attorneys for petitioner and appellant.

Mark Barnett, Attorney General, Grant Gormley, Assistant Attorney General, Pierre, SD, Attorneys for respondent and appellee.

PER CURIAM.

[¶ 1.] Vernon Edwards, who is serving a 24–year sentence for first-degree arson, appeals the denial of his application for a writ of error coram nobis. Because the record indicates that Edwards has a pending writ of habeas corpus action, we dismiss this appeal without prejudice until that action is completed.

FACTS AND PROCEDURE

[¶ 2.] Edwards was tried April 17–19, 1996. Judge William J. Srstka presided and failed to read certain jury instructions at the close of the evidence. Edwards was found guilty and sentenced on July 24, 1996 to 24 years in the state penitentiary, 3 years suspended. He filed a timely appeal.

[¶ 3.] On November 25, 1997, we affirmed the judgment of conviction. *State v. Edwards*, 1997 SD 130, 572 N.W.2d 113. The appeal addressed the sole issue of the trial court's refusal to hold a competency hearing prior to trial.

[¶ 4.] On July 14, 1998, Edwards filed his first pro se application for writ of habeas corpus, claiming ineffective assistance of trial and appellate counsel. One year later, on June 7, 1999, the habeas court dismissed Edwards' application for habeas relief and refused to grant certificate of probable cause on grounds the application was frivolous.

[¶ 5.] On November 12, 1999, Edwards filed a second pro se petition for writ of habeas corpus. Following appointment of counsel to assist Edwards, he amended this petition on July 6, 2000, challenging the trial court's refusal to repeat the preliminary jury instructions at the close of evidence, citing *State v. Nelson*, 1998 SD 124, 587 N.W.2d 439 and *State v. Jemison*, 1999 SD 29, 590 N.W.2d 897. The settled record reveals that a writ of habeas corpus was entered July 6, 2000, acknowledging the amended petition and requesting a hearing be set within thirty days. The State's time for filing a return was extended and a hearing was set for October 6, 2000 with an order to transport Edwards to the courthouse. The State concedes in its return that the trial court failed to re-read preliminary jury instructions at the close of evidence in Edwards' trial. There is no further record indicating the habeas court's decision in this matter. The State asserts in its brief that no decision on this amended petition has been made to date.[1]

[¶ 6.] On November 8, 2000, Edwards filed an application for writ of coram nobis based on the inadequate jury instructions, citing *Nelson* and *Jemison*. Judge Srstka presided over the matter and denied the application without a hearing or a response from the State. This appeal followed.

## ANALYSIS AND DECISION

[¶ 7.] Edwards was convicted July 24, 1996. Five months later, we issued *State v. Eagle Star*, 1996 SD 143, 558 N.W.2d 70, holding that while the court's refusal to re-read preliminary jury instructions at the close of evidence was reversible error, no prejudice had been shown.

[¶ 8.] While Edwards' first habeas action, claiming ineffective assistance of counsel, was pending, we issued *State v. Nelson*, 1998 SD 124, 587 N.W.2d 439. There we held that the failure of the trial court to repeat preliminary jury instructions at the close of the evidence was reversible error. The trial judge in *Nelson* was the same judge who presided over Edwards' trial and over his coram nobis action.[2] Since issuing *Nelson*, we have decided *State v. Jemison*, 1999 SD 29, 590 N.W.2d 897; *State v. Williams*, # 20574, 590 N.W.2d 709 (rev & exp 2/19/99); *State v. Waugh*, # 20796, 596 N.W.2d 734 (rev & exp 5/7/99); *State v. Cochran*, # 20800, 596 N.W.2d 734 (rev & exp 5/21/99); *State v. Clements*, # 20668, 596 N.W.2d 734 (rev & exp 6/7/99); *State v. Altamimi*, # 20695, 596 N.W.2d 734 (rev & exp 6/7/99); *State v. Patterson*, # 20802, 601 N.W.2d 283 (rev & exp 7/1/99); and *State v. Faulks*, # 20671, 601 N.W.2d 283 (rev & exp 7/23/99), all involving this same trial judge and all ordering a retrial. Prejudice is now presumed. *See Jemison, supra* (Amundson, J., dissenting). In all of these cases, we held *Nelson* to be dispositive,

---

1. Although the same attorney represented Edwards on his second habeas action, on application of the writ of coram nobis and now on appeal, no explanation is provided to this Court regarding what occurred at the October 6, 2000 hearing or why there is no record evidence of any further activity in the habeas action.

2. As the coram nobis action involves claims that the trial judge committed reversible error, that judge should recuse himself from presiding further in this matter.

even where no objection had been made at trial.

■ [¶ 9.] The writ of coram nobis can only be used to remedy a profound injustice where the petitioner has no other available remedy. *Gregory v. Class*, 1998 SD 106, 584 N.W.2d 873. The State concedes in its brief that, if the procedural requirements of this remedy are met, *Nelson* is dispositive. However, the State maintains Edwards must establish prejudicial error. As noted above, this position is not the holding of this Court.

■ [¶ 10.] We recently examined the nature of the writ of coram nobis:

> Jurisdiction of a court to grant relief under [coram nobis] is of limited scope. Any proceeding which is challenged by the writ is presumed to be correct and the burden rests on its assailant to show otherwise.... Relief will be granted only when circumstances compel such action 'to achieve justice.'
>
> With one significant exception, coram nobis deals only with errors of fact. The exception is that the writ can reach certain constitutionally significant errors like 'jurisdictional defects.'

*Gregory*, 1998 SD 106 at ¶ 17, 584 N.W.2d at 878. The writ may not be used to examine anew questions previously determined *nor is it an alternative to* direct appeal or *habeas action. Id.* We further explained:

> In summary, coram nobis is limited to reviewing a criminal conviction respecting some error in fact (or fundamental jurisdictional error), as opposed to *an*

*ordinary error in law,* that without the fault of the petitioner was unknown at the time of the questioned proceedings, or unrevealed because of fraud or coercion, without which the judgment would not have been entered, and for which there is no other available remedy.

*Id.* at ¶ 18 (emphasis added). "Those seeking coram nobis relief must carefully study the procedural history of the case, 'because past events exert a decisive control over which issues may or may not be raised ... [and trial records] have to be examined in order to ascertain whether a claim is barred by res judicata or collateral estoppel.'" *Id.* (citations omitted).

[¶ 11.] Here, the procedural history indicates a pending petition for writ of habeas corpus in which the same issue now before us was raised at what appears to be the first available opportunity. The failure of the trial court to re-read preliminary jury instructions at the close of evidence is an error of law as this Court held in *Nelson* and its progeny. However, the fact that there appears to be a pending habeas action precludes relief under coram nobis.[3] In *Rennich–Craig v. Russell*, 2000 SD 49, ¶ 19, 609 N.W.2d 123, 127–28, we recognized that:

> 'the function of habeas corpus is not to correct a practice but only to ascertain whether the procedure complained of has resulted in an unlawful detention.' Therefore, a petition for a writ of habeas corpus is available to remedy procedural errors made at trial if those procedures are of such a nature or magnitude to render the entire detention unlawful.

---

3. In *Petition of Brockmueller*, 374 N.W.2d 135 (S.D.1985), a writ of corum nobis action, we determined the remedy of habeas corpus was unavailable as Brockmueller's term of incarceration had been completed. In *State v. Davis*, 515 N.W.2d 205 (S.D.1994), we vacat- ed a writ of corum nobis where the same issue had been raised on direct appeal but the appeal dismissed on Davis' own motion. In Davis' case, a burglary statute had been misapplied (like the misapplication of SDCL 23A–25–4 in *Nelson* and the present case).

*Id.* (quoting *Eagles v. United States* ex rel. *Samuels*, 329 U.S. 304, 315, 67 S.Ct. 313, 319, 91 L.Ed. 308, 316 (1946)). *See also State v. Johnson*, 173 Ariz. 274, 842 P.2d 1287, 1289 (1992), *vacated*, 173 Ariz. 274, 842 P.2d 1287 (1992) (overwhelming evidence will not relieve courts of their obligation to ensure that "judicial process is properly accomplished.") (cited in *Nelson*, 1998 SD 124, ¶ 14, 587 N.W.2d 439, 445).

[¶ 12.] Because Edwards may have an adequate remedy under his habeas corpus action, the remedy of writ of coram nobis is unavailable to Edwards at this time. We need not address his second issue to dispose of this appeal. We dismiss this appeal without prejudice until the habeas action is concluded.

[¶ 13.] SABERS, Acting Chief Justice, and AMUNDSON, KONENKAMP, and GILBERTSON, Justices, participating.

[¶ 14.] MILLER, Retired Chief Justice, having been a member of the Court at the time this action was submitted to the Court, did not participate.